IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Case No. 4:09-CR-00355 |
|---|---|---|
| v. | : | (Judge McClure) |
| HARRY PETER JOLINE | : | |

**MEMORANDUM**

December 8, 2009

**I. PROCEDURAL HISTORY**

Defendant Harry P. Joline was sentenced to forty months of imprisonment, followed by three years of supervised release, on June 21, 2006, by the United States District Court for the District of Montana. Jurisdiction over supervised release, which Joline began on December 24, 2008, was transferred to the Middle District of Pennsylvania on January 30, 2009.

On October 28, 2009, upon a petition for a warrant or summons for defendant Joline, this Court issued a warrant for defendant Joline's arrest. United States Magistrate Judge Arbuckle held an initial appearance and arraignment hearing on November 18, 2009. At that time, Joline waived the probable cause hearing and Magistrate Judge Arbuckle ordered that defendant Joline be detained

in custody pending further proceedings. (Rec. Doc. No. 9). Joline's final revocation hearing is scheduled for December 8, 2009 at 1:30 p.m.

On December 3, 2009, defendant Joline filed a motion seeking to compel discovery with an accompanying brief in support. (Rec. Doc. Nos. 14 and 15). More specifically, the defendant sought eight categories of discovery items from the government. (Rec. Doc. No. 14 at 2-3). On November 24, 2009, the government by letter informed the defendant's attorney that the items numbered 2, 3, 4, 6, and 7 would be provided to the defendant as the government came to possess the items and that the items would be used as exhibits at the defendant's final revocation hearing.

First, the government refused to produce item number 1, referred to by defense counsel as "(1) a copy of all monthly supervision reports submitted by Mr. Joline to his probation officer . . . ." Id. at 2. In his brief, the defendant argues that he is entitled to these reports, as the documents "are material and necessary" for his preparing for the final revocation hearing and that they are, in essence, his own statements. (Rec. Doc. No. 15 at 5).

Second, the defendant also has requested that the government disclose, as item number 5, "documentation showing the amount of restitution owed by Mr. Joline," including "an accurate accounting of how much restitution is owed and

in custody pending further proceedings. (Rec. Doc. No. 9). Joline's final revocation hearing is scheduled for December 8, 2009 at 1:30 p.m.

On December 3, 2009, defendant Joline filed a motion seeking to compel discovery with an accompanying brief in support. (Rec. Doc. Nos. 14 and 15). More specifically, the defendant sought eight categories of discovery items from the government. (Rec. Doc. No. 14 at 2-3). On November 24, 2009, the government by letter informed the defendant's attorney that the items numbered 2, 3, 4, 6, and 7 would be provided to the defendant as the government came to possess the items and that the items would be used as exhibits at the defendant's final revocation hearing.

First, the government refused to produce item number 1, referred to by defense counsel as "(1) a copy of all monthly supervision reports submitted by Mr. Joline to his probation officer . . . ." Id. at 2. In his brief, the defendant argues that he is entitled to these reports, as the documents "are material and necessary" for his preparing for the final revocation hearing and that they are, in essence, his own statements. (Rec. Doc. No. 15 at 5).

Second, the defendant also has requested that the government disclose, as item number 5, "documentation showing the amount of restitution owed by Mr. Joline," including "an accurate accounting of how much restitution is owed and

how much has been paid, including payments made as part of the inmate financial responsibility program . . . ." (Rec. Doc. No. 14 at 3). The defendant claims that, while "the government provided a restitution payout from this district," the government also stated that he could seek out additional information from the probation office located in Billings, Montana. Id. at 4. The defendant claims that the government should provide him with the documents labeled item 5, as it is the government's burden "to prove restitution is owing, the amount owed and the amount that forms the basis of the alleged violation . . . ." (Rec. Doc. No. 15 at 4).

Third, the government has refused to produce item number 8, which defense counsel referred to as "a copy of chronological notes kept by Probation Officer Kennedy on Mr. Joline's case." (Rec. Doc. No. 14 at 3). The defendant has not briefed the issue of whether item 8 should be disclosed by the government.

In response to defendant's motion to compel, the government filed a brief in opposition on December 4, 2009. (Rec. Doc. No. 16). First, in its brief, the government argues defendant's request for the prior restitution documents is too broad. According to the government, as the defendant has been charged with violating Special Condition #7 for failing to make restitution payments for February, March, May, June, August, September, and October of 2009, any issues concerning the calculation of restitution in 2006 through 2008 is not relevant at the

3

present time.  Second, the government argues that, because there are no allegations that the defendant has filed a false report or failed to submit any reports, the reports requested by the defendant are neither relevant nor material; as such, there is no reasonable basis for the government disclosing the supervision reports.  Third, the government did not address whether item 8, the chronological notes of the probation officer, should be disclosed by the government

## II.  DISCUSSION

We will first address the defendant's request that the government disclose the chronological notes of Probation Officer Kennedy.  The Third Circuit has noted that neither the current form of Federal Rule of Criminal Procedure 32.1(a)(2)(B), today's Rule 32.1(b)(2)(B), nor relevant case law can be read so as "to require automatic production of a probation officer's entire file, even where the officer is a witness."  United States v. DeRewal, 66 F.3d 52, 56 (3d Cir. 1995).  In addition, neither party has briefed whether the probation officer's notes should be disclosed.  Also, there is no indication that the government plans to use the probation officer's notes as evidence against defendant Joline at his final revocation hearing.  In light of the above, then, we will deny the defendant's motion to compel the disclosure of item 8, Probation Officer Kennedy's chronological notes.

We next address the defendant's request that the government disclose items

4

1 and 5, which pertain to the defendant's monthly reports sent to Probation Officer Kennedy and restitution documentation relating to defendant Joline. Rule 32.1(b)(2)(B) provides that an individual who is the subject of a final revocation hearing "is entitled to . . . disclosure of the evidence against the person . . . ." As such, we will require that the government disclose all evidence that is relevant and that it plans on actually using against defendant Joline. If evidence is not used against defendant Joline in a revocation hearing, then it need not, pursuant to Rule 32.1(b)(2)(B), be disclosed by the government.

## III. CONCLUSION

In light of the above, we will deny the defendant's motion to compel the disclosure of item 8, Probation Officer Kennedy's chronological notes. As to items 1 and 5, we will grant the defendant's motion to compel to the extent that the government is required to disclose all evidence that is relevant and that it plans on actually using against defendant Joline at the final revocation hearing, pursuant to Rule 32.1(b)(2)(B).

s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Case No. 4:09-CR-00355 |
| --- | --- | --- |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| HARRY PETER JOLINE | : | |

**ORDER**

December 8, 2009

1. The defendant's motion to compel the disclosure of item number 8 is DENIED. (Rec. Doc. No. 14).

2. The defendant's motion to compel the disclosure of items numbered 1 and 5 is GRANTED to the extent that the government is required to disclose all evidence that is relevant and that it plans on actually using against defendant Joline at the final revocation hearing, pursuant to Rule 32.1(b)(2)(B). (Rec. Doc. No. 14).

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge